IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BOBBY GENE MAYS,

     Petitioner,

v.                                        CASE NO. 1:10-cv-198-MP-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)  The Respondent filed a response and an appendix with relevant portions of the state-court record.  (Docs. 16, 17.)  Petitioner filed a reply.[1]  (Doc. 20.)  Upon due consideration of the Petition, the Response, and the

_____

[1]Appended to Petitioner's reply, but never docketed by the Clerk, is a "Motion to Stay and Hold in Abeyance" (Doc. 20, pp. 16-24) and a "Proposed First Amended Petition" (*Id.* at pp. 25-50.)  The Proposed First Amended Petition deletes Grounds 1, 3, 5, and 6 of the original petition, with Petitioner proceeding under the mistaken assumption that his procedurally defaulted claims (Grounds 1, 3, 5, 6) could not be addressed alongside his exhausted claims (Grounds 2, 4, 7, 8).  Petitioner was not in the position to exhaust these claims at the time he filed the motion for a stay, as they were already procedurally defaulted.  Petitioner asked the Court to stay proceedings not so that he could exhaust his claims–that was no longer an option–but rather in the hopes that the Florida Supreme Court would reconsider issues of state appellate procedure. Petitioner cited two cases–*Prince v. State*, 40 So.3d 11 (Fla. 4th DCA 2010) and *Walton v. State,* 2010 WL 150728 (Fla. 2d DCA 2010)–yet the Florida Supreme Court denied review in *Prince* and the *Walton* opinion was withdrawn well before Petitioner filed the motion to stay.  Accordingly, even if the pendency of unrelated state appellate court cases was a proper basis to stay the case, Petitioner's motion to stay was due to be denied as moot upon filing.  Petitioner has not been prejudiced by the Clerk's docketing error, and in the intervening two years has filed no inquiries with the Court as to the status of the motion; nor has he sought leave to file an amended petition.

state-court record, the undersigned recommends that the Petition be denied.[2]

## Summary of State Court Proceedings

Petitioner's underlying conviction stems from a May 1, 2004 incident that occurred while Petitioner was at his girlfriend's home watching a movie with her 9-year-old daughter. At his second trial in August 2005 (the first ended in a mistrial), the state presented testimony from the victim, who stated that Petitioner put his hand down her pants and moved it around while they were watching the movie. The girl's mother testified as to statements the victim made to her about the incident. The state also presented a video of the victim's interview by professionals at the Child Advocacy Center. Petitioner unsuccessfully attempted to have the video evidence excluded prior to trial.

Petitioner testified in his defense that he thought of the victim as one of his own children, and denied the allegations. On cross-examination, the trial court allowed the State to present, for impeachment purposes, evidence of Petitioner's 1995 conviction for solicitation of sexual activity by a person in familial or custodial authority. The jury convicted Petitioner of one count of lewd and lascivious molestation of a child under 12, and he was sentenced to 30 years imprisonment and designated a sexual predator. (Respondent's Exhs. N, O, P.)

The First DCA affirmed without opinion on July 26, 2007. (Exh. V); *Mays v. State*, 958 So. 32d 1127 (Fla. 1st DCA 2007). Petitioner filed a *pro se* Fla. R. Crim. P. 3.850

---

[2]Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

motion on April 24, 2008, and two subsequent supplements. (Exhs. W, X, Y.) The trial court summarily denied the 3.850 motion on 7 of the 8 grounds; an evidentiary hearing was ordered on ground "viii." (Exh. Z.) The state court conducted the evidentiary hearing on August 31, 2009 and denied relief the next day. (Exhs. AA, BB.) Through counsel, Petitioner filed an initial brief in the appellate court. (Exh. DD.) The First DCA affirmed without opinion. (Exh. R); *Mays v. State*, 36 So.3d 660 (Fla. 1st DCA 2010). Petitioner has also unsuccessfully sought state habeas relief. (Exhs. GG through LL.)

The instant Petition, which Respondent concedes is timely, followed. Petitioner asserts 8 grounds for relief in his *pro se* Petition. (Doc. 1.)

## Section 2254 Exhaustion Requirement

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir.

1999). Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. *Id.* at 1302, 1306. A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Ward v. Hall*, 592 F.3d 1144, 1157 (11ᵗʰ Cir. 2010). To state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

<u>**Section 2254 Standard of Review**</u>

Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), the petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct. *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir.2011); see § 2254(e) (1).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly

established Federal law, as determined by the Supreme Court of the United States,"

refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower

federal courts may be considered to the extent that they demonstrate how those courts

applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir.

2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions

for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions

demonstrate that the Supreme Court's pre-existing, clearly established law compelled

the circuit courts (and by implication would compel a state court) to decide in a definite

way the case before them."). *See also Carey v. Musladin,* 549 U.S. 70, 74-77 (2006) (§

2254 refers to holdings, rather than *dicta,* of the Supreme Court, collecting circuit cases

"[r]eflecting the lack of guidance from this Court," on the issue).

      The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have

independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404-406 (2000); *Bell v. Cone,*

535 U.S. 685, 694 (2002) (citing *Williams* ). "Under the 'contrary to' clause, a federal

habeas court may grant the writ if the state court arrives at a conclusion opposite to that

reached by [the Supreme] Court on a question of law or if the state court decides a case

differently than this Court has on a set of materially indistinguishable facts. Under the

'unreasonable application' clause, a federal habeas court may grant the writ if the state

court identifies the correct governing legal principle from this Court's decisions but

unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529

U.S. at 412-13. "Avoiding these pitfalls [described in *Williams v. Taylor* ] does not require

citation of our cases-indeed, it does not even require *awareness* of our cases, so long as

neither the reasoning nor the result of the state-court decision contradicts them." *Early v.*

*Packer,* 537 U.S. 3, 8  (2002) (emphasis in original). Further, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson,* 542 U.S. 649, 652  (2004).

In *Gill v. Mecusker*, 633 F.3d 1272 (11th Cir. 2011), the Eleventh Circuit clarified how the federal habeas court should address the "unreasonable application of law" and the "unreasonable determination of facts" tests.  The court acknowledged the well-settled principle that summary affirmances, such as the Florida First District Court of Appeal's in this case, are presumed adjudicated on the merits and warrant deference. *Id*. at 1288 (citing *Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 784–85 (2011), and *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir.2002)). "A judicial decision and a judicial opinion are not the same thing," and the Supreme Court has confirmed that determining whether the state court unreasonably applied the law or unreasonably determined the facts requires only a decision, not an opinion. *Id*. at 1291 (citing *Harrington*, 131 S.Ct. at 784). Yet, the Supreme Court has never squarely addressed whether under the "unreasonable application" test a federal habeas court "looks exclusively to the objective reasonableness of the state court's ultimate conclusion or must also consider the method by which the state court arrives at its conclusion." *Id.* at 1289 (quoting *Neal v. Puckett*, 286 F.3d 230, 244–45 (5th Cir.2002) (summarizing the emerging circuit split)). The Eleventh Circuit concluded that district courts must apply the plain language of § 2254(d) and answer the "precise question" raised in a claim based on the state court's ultimate legal conclusion, and should not "evaluate or rely upon the correctness of the state court's process of reasoning." *Id.* at 1291. In short, the court stated, "the statutory language focuses on the result, not on the

reasoning that led to the result." *Id.*

In light of *Gill,* the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact finding only to the extent that the state court's ultimate conclusion relied on it. *Id*. at 1292. A federal habeas court can consider the full record before it to answer "the only question that matters[:]" whether the state court's decision was objectively unreasonable. *Gill*, 133 F.3d at 1290.

### Ineffective Assistance of Counsel

Because Petitioner's claims allege ineffective assistance of counsel, a review of the applicable law is necessary. Under *Strickland v. Washington*, 466 U.S. 668, 677-78 (1984), to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is also constitutionally protected–and would restrict the wide latitude counsel have in making tactical decisions."

*Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold a lawyer's strategy,

[the Court] need not attempt to divine the lawyer's mental processes underlying the

strategy." *Chandler v. United States*, 218 F.3d 1305, 1314 n.16 (11th Cir. 2000) (en

banc). "No lawyer can be expected to have considered all of the ways [to provide

effective assistance]." *Id.*

> If a defense lawyer pursued course A, it is immaterial that some other
> reasonable courses of defense (that the lawyer did not think of at all)
> existed and that the lawyer's pursuit of course A was not a deliberate
> choice between course A, course B, and so on. The lawyer's strategy was
> course A. And [the Court's] inquiry is limited to whether this strategy, that
> is, course A, might have been a reasonable one.

*Id.*

To show prejudice, a defendant must show more than simply that counsel's

unreasonable conduct might have had "some conceivable effect on the outcome of the

proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a

"reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." *Id*. at 694. A "reasonable probability is defined

as a probability sufficient to undermine confidence in the outcome." *Id*.

When, as here, the state courts have denied an ineffective assistance of counsel

claim on the merits, the standard a petitioner must meet to obtain federal habeas relief is

a difficult one. *Harrington* 131 S.Ct. at 786. The standard is not whether an error was

committed, but whether the state court decision is contrary to or an unreasonable

application of federal law that has been clearly established by decisions of the Supreme

Court. 28 U.S.C. § 2254(d)(1). As the Supreme Court explained, error alone is not

enough, because "[f]or purposes of § 2254(d)(1), an unreasonable application of federal

law is different from an incorrect application of federal law." *Harrington*, 131 S.Ct. at 785 (quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 786.

When faced with an ineffective assistance of counsel claim that was denied on the merits by the state courts, a federal habeas court "must determine what arguments or theories supported or, [if none were stated], could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. So long as fairminded jurists could disagree about whether the state court's denial of the claim was inconsistent with an earlier Supreme Court decision, federal habeas relief must be denied. *Id*. Stated the other way, only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" may relief be granted. *Id*.

Even without the deference due under § 2254, the *Strickland* standard for judging the performance of counsel "is a most deferential one." *Id.* at 788. When combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*. Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.

**<u>Discussion</u>**

***Grounds 1, 3, 5, and 6: Ineffective Assistance of Counsel***

Petitioner raised Grounds 1, 3, 5, and 6 of his petition–all claims of ineffective assistance of trial counsel–in his Rule 3.850 motion in the state court. The state court granted an evidentiary hearing on one issue (Ground 8 of the instant petition) and summarily denied the remaining claims. In appealing his denial of the 3.850 motion to the First DCA, Plaintiff (represented by counsel) did not include Grounds 1, 3, 5, and 6 of the instant petition in his initial brief.

As discussed above, before Petitioner filed his Petition in this Court he was required to exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1), (c). Exhaustion required Petitioner to give the Florida state courts a "full and fair opportunity" to resolve all his federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

Pursuant to Florida law, where a movant's Rule 3.850 motion is denied after an evidentiary hearing, he must file an initial brief if he wishes to appeal the denial. Fla. R. App. P. 9.141(b)(3). Florida law also establishes that claims for which an appellant does not present any argument–or presents only conclusory argument–are waived. *See, e.g., Gamble v. State*, 877 So. 2d 706 (Fla. 2004). The majority of Florida courts–including

the First DCA, where Petitioner was convicted and pursued postconviction relief–hold that this rule applies even where the evidentiary hearing in the Rule 3.850 proceeding is limited to only some of the post-conviction claims. Accordingly, a movant must present all claims–whether summarily denied or denied after an evidentiary hearing–in the initial brief to the appellate court. *Prince v. State*, 40 So. 3d 11 (Fla. 4th DCA 2010); *Williams v. State,* 24 So.3d 1252 (Fla. 1st DCA 2009) (where appellant received evidentiary hearing on some of his post-conviction claims and others were summarily denied, appellate court would review only those summarily denied claims which movant argued in the appellate brief).

Federal district courts in Florida – including this Court – that have considered this issue have determined that a petitioner's failure to raise a ground in his brief before the Florida District Court of Appeals waives federal habeas review of any such omitted claims. *Corn v. McNeil*, No. 3:08-cv-199-MCR-EMT, 2010 WL 5811434, at *17 (N.D. Fla. Nov. 24, 2010) ("The undersigned concludes that the Florida procedural rule deeming as waived or abandoned those claims for which an appellant has not presented any argument in his appellate brief (or for which he provides only conclusory argument), even when the insufficiently denied claims were summarily denied by the trial court, is a firmly established and regularly followed procedural rule for purposes of federal habeas."). *See also Ross v. McNeil*, 5:07-cv-219-RS-EMT, 2010 WL 2179039 (N.D. Fla. Apr. 14, 2010); *Sharp v. McNeil*, No. 4:07-cv-17-MP-MD, 2009 WL 981594, at *13-14 (N.D. Fla. Apr. 10, 2009); *Durain v. McNeil*, No. 2:08-cv-24-FTM-29DNF, 2008 WL 4888989, at *9 (M.D. Fla. Nov. 12, 2008); *Williams v. McDonough*, No. 8:02-CV-965-T-30MAP, 2007 WL 2330794, at *1-2 (M.D.Fla. Aug.14, 2007); *Walker v.*

*Sec'y, Dep't of Corr.*, No. 8:05-cv-1539-T-17MAP, 2007 WL 1747181, at *4 (M.D. Fla. June 18, 2007).

Because Petitioner failed to raise Grounds, 1, 3, 5 and 6 in the instant Petition in his Initial Brief on the Merits to the First District Court of Appeals, Petitioner did not exhaust his available state remedies with respect to each of those claims. Petitioner cannot now take a second appeal from the denial of his 3.850 motion in order to successfully exhaust these claims; therefore, they are procedurally defaulted.

Petitioner argues that he can show cause for his failure to properly present these claims to the First DCA–specifically, that his post-conviction appellate counsel performed ineffectively in failing to include these grounds in the initial brief. (Doc. 20.) However, it is well established that there is no constitutional right to an attorney in state post-conviction proceedings. *See, e.g., Coleman v. Thompson,* 501 U.S. 722 (1991) (holding that attorney error in postconviction proceedings that led to defaulted federal habeas claims could not constitute cause to excuse procedural default because petitioner had no right to postconviction counsel). Accordingly, Petitioner cannot claim post-conviction counsel's ineffective assistance as cause for his procedural default.

Petitioner has failed to demonstrate cause for his failure to properly present any of these claims to the First District Court of Appeals; prejudice from his default; or that a fundamental miscarriage of justice would occur if these claims were not considered by this Court. Accordingly, each of Grounds 1, 3, 5, and 6 in the Petition was unexhausted in state court, and each of those claims for relief is procedurally barred and, thus, it is inappropriate for this Court to consider these claims on federal collateral review.

However, the Court will consider Petitioner's remaining four claims (2, 4, 7, and

8), as these claims were exhausted in the state court and are properly considered on

federal collateral review.

### Ground 2: Ineffective Assistance - Failure to file a motion in limine

Petitioner contends that trial counsel rendered ineffective assistance by failing to

file a motion in limine to exclude videotaped testimony and failing to properly preserve

the issue for appellate review.  (Doc. 1, pp. 11-12.)  In rejecting this claim on

postconviction review, the state court wrote:

> As to ground (ii), Defendant alleges that trial counsel was ineffective for failing
> to file a motion in limine to exclude videotaped evidence.  Because the State
> had already filed its Notice of Intent to Offer Hearsay Statements, a motion
> in limine would have been redundant.  Once the State had already filed its
> Notice, all that was left for trial counsel to do was object.  Defendant argues
> that although trial counsel did argue that the videotape was cumulative; trial
> counsel should have argued that the prejudicial weight of the tape far
> outweighed the probative value.  Trial counsel did ague that the hearsay
> statements were cumulative.  *See* Motion Hearing Transcript, dated July 13,
> 2005, at 40.  The inherent reasoning underlying the cumulative argument is
> that the evidence is unfairly prejudicial. This is apparent from the fact that the
> rule against allowing cumulative evidence is part of Fla. R. Evid. 90.403,
> "Exhaustion on Grounds of Prejudice or Confusion."  Therefore trial counsel
> did make the argument Defendant is alleging he should have.  It is unclear
> why Defendant believes that this issue was not preserved for appellate
> review.  The State filed the notice, a hearing was held, trial counsel presented
> an argument and the Court found in favor of the State.  This is sufficient to
> preserve the issue for appellate review.  Defendant's claim in ground (ii) is
> without merit.

(Exh. Z, pp. 49-50.)  The First DCA *per curiam* affirmed without written opinion.  (Exh.

FF.)

Trial counsel cannot be deemed deficient for failing to file a motion that would

have been redundant.  Furthermore, trial counsel did in fact challenge the introduction of

the hearsay evidence and argued that it was cumulative, and therefore unfairly

prejudicial.  This was also adequate to the preserve the issue for appellate review.

Even assuming, *arguendo,* that counsel was deficient, Petitioner has not shown prejudice. It is not reasonably probable that the exclusion of the videotape evidence would have resulted in a not guilty verdict, especially where the victim and her mother both testified at trial and trial counsel argued that the video evidence was cumulative. On this record, Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court.

**Ground 4: Ineffective Assistance - Failure to prepare for evidentiary hearing**

Petitioner contends that his trial counsel rendered ineffective assistance in failing "to motion the court for a continuance, to adequately prepare for the Hearsay Hearing, and present after reasonable investigation of case law, to support the defense position that the video tape of the alleged victim, should not be admitted into evidence." (Doc. 1, pp. 16-18.) With the exception of the failure to move for a continuance issue,[3] this claim was exhausted in the state court. In rejecting this claim on postconviction review, the state court concluded:

> As to ground (iv), Defendant claims that trial counsel was ineffective for failing to adequately prepare for the hearing on the State's Notice of Intent to Offer Hearsay Statements. Defendant alleges that trial counsel did not present one case in support of Defendant's position. Trial counsel actually presented five cases in support of his argument against the State's request to offer hearsay statements. *See* Transcript of Motion Hearing, dated July 13, 2005, at 42-43. In fact one of the cases Defendant claims should have been presented to the

_____

[3] Petitioner did not fully and fairly present this issue–failure to request a continuance to adequately prepare for the hearing–to the state courts and is now procedurally barred from doing so. For the reasons discussed above related to Grounds 1, 3, 5, and 6, Petitioner is precluded from federal review of this claim. However, as discussed below in Ground 7, the Court will review Petitioner's claim that trial counsel was ineffective for failing to request a continuance in order to secure the victim's testimony at the hearing.

Court, *Tussey v. State*, 793 So. 2d 1188 (Fla. 2001) was presented by trial counsel. Defendant also claims that trial counsel should have been prepared to argue that the cases the State cited in support of the State's position were distinguishable from the instant case. Although some of the facts of *Mickler v. State*, 829 So. 2d 932 (Fla. 4th DCA 2002) were distinguishable from Defendant's case, it did not make the caselaw completely inapplicable. Defendant's claim in the instant ground is conclusively refuted by the record and without merit.

(Exh. Z, pp. 50-51.) The First DCA *per curiam* affirmed without written opinion. (Exh. FF.)

Trial counsel cannot be deemed deficient where he did present cases and arguments in support of his argument against admitting the hearsay statements, where the record reflects that he did so. Furthermore, to the extent that, in appealing the Rule 3.850 motion Petitioner narrowed the issue to trial counsel's alleged deficiency for failing to raise the "unfairly prejudicial" objection,[4] that claim is also without merit, for the reasons discussed above in Ground 2.

Even assuming, *arguendo,* that counsel was deficient, Petitioner has not shown prejudice. It is not reasonably probable that the exclusion of the videotape evidence would have resulted in a not guilty verdict, especially where the victim and her mother both testified at trial and trial counsel argued that the video evidence was cumulative. On this record, Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court.

---

[4] In his initial brief to the First DCA, Petitioner's argument as to ground iv of the Rule 3.850 motion focused almost entirely on his claim that trial counsel failed to object to the video as unfairly prejudicial rather than just cumulative. (Exh. DD, pp. 13-15.)

**Ground 7: Ineffective Assistance - Failure to call victim to testify at evidentiary hearing**

Petitioner contends that his trial counsel rendered ineffective assistance in failing to subpoena the victim to the hearsay hearing and failing to request a continuance in order to do so. (Doc. 1, pp. 27-30.) In rejecting this claim on postconviction review, the state court concluded:

> As to ground vii, Defendant claims that trial counsel was ineffective for failing to subpoena the victim to testify at the hearing on the State's Notice to Introduce Hearsay Statements and for failing to move the Court for a continuance of the hearing. Defendant alleges that at trial the victim testified that she did not always like Defendant and that this was evidence of a motive to lie. According to Defendant, had trial counsel presented her testimony at the hearing, the Court would have had evidence to rebut the victim's credibility, and therefore deny the State's motion. At the time of the hearing, the Court had already heard the interview tape of the victim. At the actual hearing, the Court heard testimony from the forensic interviewer and the victim's mothers. The Court stated, on the record, a multitude of reasons why the Court believed the victim's testimony to be reliable. *See* Transcript of Hearing, dated July 13, 2005, at 47-51. There is no reason to assume that if the victim testified at the hearing the Court's finding would have been any different. Defendant has failed to establish that any prejudice was suffered as a result of this omission. This argument is without merit.

(Exh. Z, p. 53.) The First DCA *per curiam* affirmed without written opinion. (Exh. FF.)

Even assuming, *arguendo,* that counsel was deficient, Petitioner cannot show prejudice. There is no evidence to suggest that if the victim would have testified at the hearing, the Court would have ruled in Petitioner's favor and excluded the video. The trial court's analysis at the hearing of the girl's video statement focused on indicia of reliability in the video itself. (Exh. H, pp. 47-51.) Even if the victim had testified at the hearing that she did not always like Petitioner, there is no indication in the record that this would have resulted in a different ruling on the admission of the video.

Furthermore, it is not reasonably probable that the exclusion of the videotape evidence would have resulted in a not guilty verdict, especially where the victim and her mother both testified at trial and trial counsel argued that the video evidence was cumulative. On this record, Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court.

### Ground 8: Ineffective Assistance - Failure to advise of maximum penalty

Petitioner contends that his trial counsel rendered ineffective assistance "when counsel omitted from the state's plea offer, the direct consequence, and penalty faced following a verdict of guilt . . ." (Doc. 1, pp. 30-31.) In rejecting this claim on postconviction review–after conducting an evidentiary hearing where both Petitioner and trial counsel testified– the state court concluded:

> Defendant alleges that trail counsel misadvised him by telling the defendant that the maximum possible sentence if he proceeded to trial and lost was ten (10) years imprisonment. Prior to his second trial, Defendant rejected a plea offer of two and a half (2 ½) years imprisonment followed by eight (8) years probation. Defendant contends that he would have accepted this plea offer, and not continued to trial, had he known that he was actually facing a maximum prison sentence of 30 years.
>
> During the hearing, Defendant testified that both prior to his first trial, which ended in a mistrial, and prior to his second trial, he was advised by counsel that he faced a sentence of up to ten (10) years if he was convicted. According to Defendant, counsel never told him that he faced a prison sentence longer than ten (10) years.
>
> Trial counsel (Victor Hayes) testified that on more than one occasion he told Defendant that he faced a possible of up to thirty (30) years imprisonment if he proceeded to trial and lost. Counsel remembers these discussions because Defendant was adamant about not accepting a plea and instead, proceeding to trial. Defendant consistently maintained his innocence to the charged offense; and, according to counsel, Defendant did not want counsel representing him if counsel did not intend to go to trial. So emphatic was the

defendant on that point that Mr. Hayes, trial counsel, testified that during his first jail interview with the defendant, he (Attorney Hayes), felt like he was being "interviewed" by the defendant so that the defendant would be fully assured in his own mind that Attorney Hayes would take the case to trial.

In addition, counsel testified that prior to the first trial he gave Defendant a copy of documents that were provided during discovery. These documents included information reflecting the degree of the offense and the possible penalty that Defendant faced if he lost at trial.

This Court finds the testimony of trial counsel to be credible and the testimony of Defendant to not [be] credible. First, Defendant had no intention of entering a plea, and he made that point abundantly clear to his lawyer, Mr. Hayes. Prior to the second trial, counsel advised Defendant of the State's favorable plea offer. Defendant rejected that offer even though he faced a substantially longer prison sentence were he to be found guilty after the trial. Second, counsel remembers clearly the discussions that he had with Defendant regarding the potential maximum sentence of thirty (30) years. Finally, it is inconceivable that Defendant, having been through one trial and in the process of preparing for another, would have been completely unaware of the potential sentence that he faced.

(Exh. BB) (numbering omitted). The First DCA *per curiam* affirmed without written opinion. (Exh. FF.)

"The factual findings of the state court, including the credibility findings, are presumed to be correct unless [the petitioner] rebuts the presumption by clear and convincing evidence." *Rolling v. Crosby,* 438 F.3d 1296, 1301 (11th Cir. 2006) (citing 28 U.S.C. § 2254(e)(1)). In the instant case, conflicting testimony was presented at the state court evidentiary hearing. Petitioner testified that trial counsel misadvised him as to the maximum penalties if he rejected the plea offer and was unsuccessful at trial. Trial counsel testified that he advised Petitioner of the 30-year maximum on more than one occasion; that Petitioner was adamant about his innocence; and that he gave Petitioner discovery materials that also would have contained notice of the maximum penalty.

The state court credited trial counsel's testimony. Petitioner has not presented clear and convincing evidence establishing that the state court's credibility finding was incorrect. *See Rolling,* 438 F.3d at 1301; *Lewis v. McNeil,* 372 Fed. Appx. 55, 56-57 (11th Cir. 2010) (unpublished) (rejecting habeas petitioner's claim where the case came "down to a swearing match" between defendant and trial counsel as to whether counsel advised defendant of maximum penalty and state court credited counsel's testimony). Nor has Petitioner shown that the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Based on the state court's finding of fact as to the credibility of the testimony at the evidentiary hearing, Petitioner's claim is meritless.

### Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an

objection to this recommendation by either party, that party may bring this argument to

the attention of the district judge in the objections permitted to this report and

recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1. That the petition for writ of habeas corpus (Doc. 1) should be **DENIED**.

2. That a certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 16th day of August 2013.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.