IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BOBBY GENE MAYS, JR,

    Petitioner,

v.                                                                    CASE NO. 1:10-cv-00198-MP-GRJ

WALTER A MCNEIL,
SECRETARY DEPT OF
CORRECTIONS,

    Respondents.

_____/

**O R D E R**

This matter is before the Court on the Report and Recommendations of the Magistrate Judge, recommending that the habeas petition in this case be denied. Doc. 22. Petitioner filed objections, Doc. 25, which the Court has reviewed. Upon consideration, the Report and Recommendation of the Magistrate Judge is accepted, and the petition under 28 U.S.C. § 2254 is denied.

As an initial matter, the Court agrees that because Petitioner failed to raise Grounds, 1, 3, 5 and 6 in the instant Petition in his Initial Brief on the Merits to the First District Court of Appeals, Petitioner did not exhaust his available state remedies with respect to each of those claims. Petitioner cannot now take a second appeal from the denial of his 3.850 motion in order to successfully exhaust these claims; therefore, they are procedurally defaulted. Because there is no constitutional right to an attorney in state post-conviction proceedings, Petitioner cannot claim post-conviction counsel's ineffective assistance as cause for his procedural default.

With regard to Grounds 2 and 4, the Court agrees with the Magistrate Judge that trial counsel was not deficient because he did, in fact, attack the admissibility of the videotaped interview of the victim with case law and cogent argument. Also there was no likelihood of a different result had the tape not been entered into evidence, since the mother and the victim testified in the trial consistent with the tape. Thus, even if there were deficient performance, there was not prejudice to petitioner.

Regarding ground 7, the Court agrees with the Magistrate Judge that having the victim testify during the hearsay hearing that she did not always like petitioner would not have been reasonably likely to convince the Court that the hearsay statements in the videotape were thus unreliable, considering the testimony of the mother and the social worker regarding the circumstances of the statements and interview. Also, as noted above, even if the tape had been excluded, that would not have been likely to cause a different verdict.

Finally, in Ground 8, petitioner claimed that his counsel failed to inform him of the thirty year sentence he faced, and that he would not have gone to trial had he been properly advised. The Court agrees with the state judge and the Magistrate Judge that the record belies these claims. First, counsel indicated that petitioner was adamant about going to trial and would not have allowed counsel to represent him if counsel intended to get him to plea. Second, counsel testified that he clearly described the maximum sentence to defendant and also that defendant received documents in discovery which set out the potential penalties he faced. Thus, this claim

of ineffective assistance of counsel is not supported by the record.

Accordingly, it is hereby

**ORDERED AND ADJUDGED**:

1. The Report and Recommendation of the Magistrate Judge is accepted and incorporated herein.

2. The petition for writ of habeas corpus (Doc. 1) is DENIED.

3. A certificate of appealability is DENIED.

**DONE AND ORDERED** this __28th__ day of January, 2014

                         *s/Maurice M. Paul*
                         Maurice M. Paul, Senior District Judge